1  KIRKLAND & ELLIS LLP
   Eliot A. Adelson (SBN: 205284)
2  555 California Street
   San Francisco, California 94104
3  Telephone:  (415) 439-1400
   Facsimile:  (415) 439-1500
4
   James H. Mutchnik, P.C. (admitted *pro hac vice*)
5  Daniel E. Laytin, P.C. (admitted *pro hac vice*)
   James R.P. Hileman (admitted *pro hac vice*)
6  300 North LaSalle
   Chicago, Illinois 60654
7  Telephone:  (312) 862-2000
   Facsimile:  (312) 862-2200
8
   *Attorneys for Defendants*
9  *Trina Solar Limited*
   *Trina Solar (U.S.), Inc.*
10

11                 UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
12                     OAKLAND DIVISION

13  THE SOLYNDRA RESIDUAL TRUST, BY       Case No. 12-cv-5272-SBA (EDL)
    AND THROUGH ITS LIQUIDATING
14  TRUSTEE, R. TODD NEILSON

15                  Plaintiff,            **TRINA SOLAR LIMITED AND TRINA
                                          SOLAR (U.S.), INC.'S ANSWER TO
16         vs.                            PLAINTIFF'S AMENDED COMPLAINT
                                          FOR VIOLATIONS OF § 1 OF THE
17  SUNTECH POWER HOLDINGS CO., LTD.,     SHERMAN ANTITRUST ACT, THE
    SUNTECH AMERICA, INC., TRINA SOLAR    CALIFORNIA UNFAIR PRACTICES ACT,
18  LIMITED, TRINA SOLAR (U.S.), INC.,    THE CARTWRIGHT ACT, AND FOR
    YINGLI GREEN ENERGY HOLDING           TORTIOUS INTERFERENCE
19  COMPANY LIMITED, YINGLI GREEN
    ENERGY AMERICAS, INC.,
20
                    Defendants.           DEMAND FOR JURY TRIAL
21

22         Trina Solar Limited and Trina Solar (U.S.), Inc. (the "Trina Defendants") hereby file their

23  Answer to Plaintiff's Amended Complaint (the "Complaint") and state as follows:

24                          **GENERAL DENIAL**

25         Except as otherwise expressly admitted, the Trina Defendants deny each and every allegation

26  and averment in the Complaint, including, without limitation, all allegations and averments

27  _____
    TRINA DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
28                CASE NO. 12-CV-05272-SBA (EDL)

contained in the preamble, headings, or subheadings of the Complaint.  Allegations and averments in the Complaint to which no response is required shall be deemed Denied.  The Trina Defendants expressly reserve the right to amend and/or supplement their Answer as may be necessary.

## SUMMARY OF THE ACTION

1.      The Trina Defendants admit that Solyndra purports to bring this action pursuant to federal antitrust laws and other California state laws.  The Trina Defendants deny all remaining allegations of Paragraph 1.

2.      Denied.

3.      The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 2 of Paragraph 3, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 3.

4.      The Trina Defendants admit (1) that as of December 31, 2011 Trina Solar Limited had a P.O. Box address in the Cayman Islands, and (2) that at various times Trina Solar Limited's Chairman has been a board member of China New Energy Chamber of Commerce.  The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 4 regarding Yingli and Suntech, and thus deny the same.   The Trina Defendants deny all remaining allegations of Paragraph 4.

5.      Denied.

6.      The Trina Defendants state that the documents cited in Paragraph 6 speak for themselves and deny Plaintiff's characterization of those documents.  The Trina Defendants deny all remaining allegations of Paragraph 6.

7.      The Trina Defendants admit that Plaintiff purports in its Complaint to seek damages. The Trina Defendants deny all remaining allegations of Paragraph 7.

8.      The Trina Defendants admit that the Court has subject matter jurisdiction over the federal antitrust claims in this action under 15 U.S.C. § 15 and 28 U.S.C. §§ 1331 and 1337.  The Trina Defendants deny that the Court has supplemental jurisdiction over Plaintiff's claim under California's Unfair Practices Act and Plaintiff's California tort claim for interference with

contractual relations.   The Trina Defendants deny all remaining allegations of Paragraph 8.

9.      The Trina Defendants admit that venue is proper in this District. The Trina Defendants deny all remaining allegations of Paragraph 9.

10.     Denied.

11.     The Trina Defendants deny the allegations of sentence 1 of Paragraph 11.  The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 11 regarding the location of Solyndra's headquarters, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 11.

12.     The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 1 of Paragraph 12, and thus deny the same.  The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 12 regarding Solyndra's manufacturing, shipping, and management activities in California, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 12.

13.     The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 13, and thus deny the same.

14.     The Trina Defendants state that the allegations of Paragraph 14 relate to another defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is required, the Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 14, including footnote 1 to Paragraph 14, and thus deny the same.  The Trina Defendants further state that the Commerce and ITC proceedings cited in Paragraph 14 speak for themselves and deny Plaintiff's characterization of those proceedings.

15.     The Trina Defendants state that the allegations of Paragraph 15 relate to another defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is required, the Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 15, and thus deny the same.

16.     The Trina Defendants admit that as of December 31, 2011, Trina Solar Limited wholly owned eight subsidiaries that were incorporated in the United States.  The Trina Defendants

1   further admit that Trina Solar Limited is managed from China.  The Trina Defendants further admit

2   that Trina Solar Limited's subsidiaries have offices in Europe, North America, South America, and

3   Asia.  The Trina Defendants further admit that Trina Solar Limited reported in its March 29, 2012

4   20-F that, as of December 31, 2011, it and its subsidiaries had $2.8 billion in assets, more than $2

5   billion in revenues, and more than 14,000 employees.  The Trina Defendants further admit that Trina

6   Solar Limited's predecessor company, Changzhou Trina Solar Energy Co., Ltd., was incorporated in

7   December 1997.  The Trina Defendants further admit that, in anticipation of Trina Solar Limited's

8   initial public offering, Trina Solar Limited was incorporated in the Cayman Islands as a listing

9   vehicle on March 14, 2006.  The Trina Defendants further admit that Trina Solar Limited acquired

10   all of the equity interests in Changzhou Trina Solar Energy Co., Ltd. through a series of transactions

11   that were accounted for as a recapitalization, and Changzhou Trina Solar Energy Co., Ltd. became

12   Trina Solar Limited's wholly-owned subsidiary.   The Trina Defendants further admit the allegations

13   of sentences 2, 7, and 8 of Paragraph 16.  The Trina Defendants state that the Commerce and ITC

14   proceedings cited in Paragraph 16 speak for themselves and deny Plaintiff's characterization of those

15   proceedings.  The Trina Defendants deny all remaining allegations of Paragraph 16.

16       17.    The Trina Defendants admit the allegations of sentence 1 of Paragraph 17.   The Trina

17   Defendants admit that Trina Solar Limited and Trina Solar (U.S.), Inc.'s financial statements are

18   consolidated as reported to the SEC.  The Trina Defendants deny all remaining allegations of

19   Paragraph 17.

20       18.    The Trina Defendants state that the allegations of Paragraph 18 relate to another

21   defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is

22   required, the Trina Defendants lack sufficient knowledge or information to admit or deny the

23   allegations of Paragraph 18, and thus deny the same.  The Trina Defendants further state that the

24   Commerce and ITC proceedings cited in Paragraph 18 speak for themselves and deny Plaintiff's

25   characterization of those proceedings.

26       19.    The Trina Defendants state that the allegations of Paragraph 19 relate to another

27   defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is

28

1  required, the Trina Defendants lack sufficient knowledge or information to admit or deny the

2  allegations of Paragraph 19, and thus deny the same.

3      20.    Denied.

4      21.    The Trina Defendants admit (1) that China New Energy Chamber of Commerce

5  ("China New Energy") was established in 2006, (2) that China New Energy is a trade association in

6  China for solar and other alternative energy sources, and (3) that, at various times, the Chairman of

7  Trina Solar Limited has served on the board of China New Energy.  The Trina Defendants lack

8  sufficient knowledge or information to admit or deny the allegations of Paragraph 21 regarding the

9  Suntech Chairman/CEO and the Yingli defendants, and thus deny the same.  The Trina Defendants

10  deny all remaining allegations of Paragraph 21.

11      22.    The Trina Defendants state that the Five-Year Plan for the Solar Photovoltaic

12  Industry cited in Paragraph 22 speaks for itself and deny Plaintiff's characterization of that

13  document.  The Trina Defendants lack sufficient knowledge or information to admit or deny the

14  allegations of sentences 1 and 4 of Paragraph 22, and thus deny the same.  The Trina Defendants

15  deny all remaining allegations of Paragraph 22.

16      23.    The Trina Defendants lack sufficient knowledge or information to admit or deny the

17  allegations of Paragraph 23 regarding the Suntech and Yingli defendants, and thus deny the same.

18  The Trina Defendants state that the Commerce and ITC proceedings cited in Paragraph 23 speak for

19  themselves and deny Plaintiff's characterization of those proceedings.  The Trina Defendants deny

20  all remaining allegations of Paragraph 23.

21      24.    The Trina Defendants admit that polysilicon is a raw material used in the production

22  of the wafers that are processed into solar cells, which can be framed into modules that can be

23  integrated into arrays.  The Trina Defendants state that the Commerce documents and proceedings

24  cited in this paragraph speak for themselves and deny Plaintiff's characterization of those documents

25  and proceedings.  The Trina Defendants lack sufficient knowledge or information to admit or deny

26  the allegations of Paragraph 24 regarding the Suntech and Yingli defendants, and thus deny the

27  same.  The Trina Defendants deny all remaining allegations of Paragraph 24.

28

25. Denied.

26. The Trina Defendants admit that commercial and industrial rooftops are a resource for generating renewable solar electricity. The Trina Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 26, and thus deny the same.

27. The Trina Defendants admit that Trina offers commercial and industrial rooftop solar panel systems, which are installed where power is consumed and avoid certain infrastructure costs of a centralized electricity generation system. The Trina Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 27 regarding Solyndra or the other defendants, and thus deny the same. The Trina Defendants deny all remaining allegations of Paragraph 27.

28. The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 28, and thus deny the same.

29. The Trina Defendants admit that there is a large commercial and industrial rooftop area viable for solar panel installation in the United States. The Trina Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 29, and thus deny the same.

30. The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 30, and thus deny the same.

31. The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 31, and thus deny the same.

32. The Trina Defendants admit that solar panels manufactured by defendants and Solyndra are used in solar power-generation systems that are mounted on commercial and industrial rooftops and convert sunlight into electricity. The Trina Defendants deny all remaining allegations of Paragraph 32.

33. The Trina Defendants admit that Trina Solar (U.S.), Inc. operates in the United States. The Trina Defendants deny the allegations of sentences 1 and 3 of Paragraph 33. The Trina Defendants state that the Commerce and ITC documents and proceedings cited in this paragraph

1    speak for themselves and deny Plaintiff's characterization of those documents and proceedings.  The

2    Trina Defendants state that the allegations of sentence 4 of Paragraph 33 relate to another defendant,

3    and thus no answer is required from the Trina Defendants.  To the extent an answer is required, the

4    Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of

5    sentence 4 of Paragraph 33, and thus deny the same.  The Trina Defendants deny all remaining

6    allegations of Paragraph 33.

7         34.    The Trina Defendants deny the allegations of Paragraph 34 as those allegations relate

8    to the Trina Defendants.  The Trina Defendants lack sufficient knowledge or information to admit or

9    deny the allegations of Paragraph 34 regarding the Suntech and Yingli defendants, and thus deny the

10   same.

11        35.    Denied.

12        36.    Denied.

13        37.    Denied.

14        38.    Denied.

15        39.    Denied.

16        40.    Denied.

17        41.    Denied.

18        42.    The Trina Defendants lack sufficient knowledge or information to admit or deny the

19   allegations of footnote 3 to Paragraph 42, and thus deny the same.  The Trina Defendants admit the

20   remaining allegations of Paragraph 42.

21        43.    The Trina Defendants admit the allegations of sentence 2 of Paragraph 43.  The Trina

22   Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of

23   Paragraph 43, and thus deny the same.

24        44.    The Trina Defendants admit the allegations of Paragraph 44.

25        45.    The Trina Defendants admit that, for PV solar energy connected to the electric grid,

26   an inverter is required to convert DC power from solar panels to AC power used in the grid.  The

27   Trina Defendants deny all remaining allegations of Paragraph 45.

28

46. The Trina Defendants admit that solar panels may be comprised of flat polysilicon-based solar cells constructed into a plan. The Trina Defendants deny the remaining allegations of Paragraph 46.

47. The Trina Defendants admit that solar panels are often installed on a titled mounting device and are often spaced apart across the installation surface. The Trina Defendants deny the remaining allegations of Paragraph 47.

48. The Trina Defendants admit that stationary solar panels are often installed in a southward orientation in the Northern Hemisphere and northward in the Southern Hemisphere. The Trina Defendants deny the remaining characterizations in Paragraph 48 and therefore deny the same.

49. The Trina Defendants admit that wind may flow off of one traditional panel to the underneath of the next panel, causing lift, depending on the circumstances. The Trina Defendants deny all remaining allegations of Paragraph 49.

50. The Trina Defendants admit that solar panels can be anchored to the roof with either ballast or through a rooftop mounting system. The Trina Defendants admit that flat solar panels can be subject to down forces due to wind. The Trina Defendants deny the remaining characterizations in Paragraph 50 and thus deny the same.

51. The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 51, and thus deny the same.

52. The Trina Defendants admit the allegations of sentences 1 and 2 of Paragraph 52. The Trina Defendants admit that polysilicon is an important component in the manufacture of the ingots and wafers making up the solar cells that make up the Trina Defendants' PV solar modules. The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 3 of Paragraph 52, and thus deny the same. The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 52 regarding the Suntech and Yingli defendants, and thus deny the same. The Trina Defendants deny all remaining allegations of Paragraph 52.

53. Denied.

54.     The Trina Defendants state that the documents cited in Paragraph 54 speak for themselves and deny Plaintiff's characterization of those documents.  The Trina Defendants deny all remaining allegations of Paragraph 54.

55.     The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 55 as those allegations relate to Solyndra and the other defendants, and thus deny the same.  The Trina Defendants deny the allegations of sentence 3 of Paragraph 55 as those allegations relate to the Trina Defendants.  The Trina Defendants deny all remaining allegations of Paragraph 55.

56.     The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 56, and thus deny the same.

57.     The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 57, and thus deny the same.

58.     The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 58 as those allegations relate to other defendants, and thus deny the same. The Trina Defendants deny the allegations of Paragraph 58 as those allegations relate to the Trina Defendants.

59.     The Trina Defendants admit the allegations of sentence 2 of Paragraph 59.  The Trina Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 59, and thus deny the same.

60.     The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 60, and thus deny the same.

61.     The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 61, and thus deny the same.

62.     The Trina Defendants admit the allegations of sentence 1 as those allegations relate to the Trina Defendants.  The Trina Defendants admit the allegations of sentence 2 of Paragraph 62. The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 62 regarding the Suntech and Yingli defendants, and thus deny the same.  The Trina

Defendants lack sufficient knowledge or information to admit or deny the allegations of sentences 3 and 4 of Paragraph 62, and thus deny the same.

63.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 63, and thus deny the same.

64.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 64, and thus deny the same.

65.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 65, and thus deny the same.

66.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 66, and thus deny the same.

67.    Denied.

68.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 68, and thus deny the same.

69.    The Trina Defendants state that the articles cited in Paragraph 69 speak for themselves and deny Plaintiff's characterizations of those articles.

70.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 70, and thus deny the same.

71.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 71, and thus deny the same.

72.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 72, and thus deny the same.

73.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentences 2 and 3 of Paragraph 73, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 73.

74.    Denied.

75.    Denied.

76.    Denied.

1    77.    Denied.

2    78.    Denied.

3    79.    Denied.

4    80.    Denied.

5    81.    Denied.

6    82.    Denied.

7    83.    Denied.

8    84.    Denied.

9    85.    Denied.

10   86.    Denied.

11   87.    The Trina Defendants admit that, at various times, certain personnel of the Trina

12   Defendants have served on the board of China New Energy.  The Trina Defendants deny all

13   remaining allegations of Paragraph 87.

14   88.    Denied.

15   89.    The Trina Defendants lack sufficient knowledge or information to admit or deny the

16   allegations of Paragraph 89 regarding the Suntech and Yingli defendants, and thus deny the same.

17   The Trina Defendants deny all remaining allegations of Paragraph 89.

18   90.    Denied.

19   91.    The Trina Defendants admit the allegations of sentence 1 of Paragraph 91.  The Trina

20   Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 4

21   of Paragraph 91, and thus deny the same.  The Trina Defendants deny all remaining allegations of

22   Paragraph 91.

23   92.    Denied.

24   93.    The Trina Defendants admit the allegations of sentence 1 of Paragraph 93.   The Trina

25   Defendants deny all remaining allegations of Paragraph 93.

26   94.    Denied.

27   95.    The Trina Defendants admit the allegations of sentence 1 of Paragraph 95.   The Trina

28

1   Defendants deny all remaining allegations of Paragraph 95.

2        96.      Denied.

3        97.      Denied.

4        98.      Denied.

5        99.      The Trina Defendants admit that as of December 31, 2011 Trina Solar Limited had a

6   P.O. Box address in the Cayman Islands.  The Trina Defendants admit that as of December 31, 2011

7   the Trina Solar Limited CEO held over 242 million shares of Trina stock in a Cayman Islands trust

8   of which he was the settler and sole member.   The Trina Defendants lack sufficient knowledge or

9   information to admit or deny the allegations regarding Yingli, and therefore deny the same.  The

10  Trina Defendants deny all remaining allegations of Paragraph 99.

11       100.     The Trina Defendants lack sufficient knowledge or information to admit or deny the

12  allegations of sentences 3 and 4 of Paragraph 100, and thus deny the same.  The Trina Defendants

13  deny all remaining allegations of Paragraph 100.

14       101.     The Trina Defendants lack sufficient knowledge or information to admit or deny the

15  allegations of Paragraph 101, and thus deny the same.

16       102.     The Trina Defendants lack sufficient knowledge or information to admit or deny the

17  allegations of sentences 1 and 3 of Paragraph 102, and thus deny the same.  The Trina Defendants

18  deny all remaining allegations of Paragraph 102.

19       103.     The Trina Defendants lack sufficient knowledge or information to admit or deny the

20  allegations of Paragraph 103, and thus deny the same.

21       104.     The Trina Defendants lack sufficient knowledge or information to admit or deny the

22  allegations of Paragraph 104, and thus deny the same.

23       105.     Denied.

24       106.     Denied.

25       107.     Denied.

26       108.     Denied.

27       109.     Denied.

28

110. The Trina Defendants state that the proceedings cited in Paragraph 110 speak for themselves and deny Plaintiff's characterization of those proceedings. The Trina Defendants deny all remaining allegations of Paragraph 110.

111. The Trina Defendants state that the allegations of sentence 2 of Paragraph 111 relate to other defendants, and thus no answer is required from the Trina Defendants. To the extent an answer is required, the Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 2 of Paragraph 111, including footnote 6 to Paragraph 111, and thus deny the same. The Trina Defendants deny all remaining allegations of Paragraph 111.

112. The Trina Defendants state that the article cited in Paragraph 112 speaks for itself and deny Plaintiff's characterization of that article. The Trina Defendants deny all remaining allegations in Paragraph 112.

113. The Trina Defendants state that the allegations of Paragraph 113 relate to another defendant, and thus no answer is required from the Trina Defendants. To the extent an answer is required, the Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 113, and thus deny the same.

114. The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 1 of Paragraph 114, and thus deny the same. The Trina Defendants deny all remaining allegations of Paragraph 114.

115. The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 115 regarding the Yingli defendants, and thus deny the same. The Trina Defendants deny all remaining allegations of Paragraph 115.

116. The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations regarding the Suntech defendants, and thus deny the same. The Trina Defendants deny all remaining allegations of Paragraph 116.

117. Denied.

118. Denied.

119. Denied.

120.    Denied.

121.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 121 regarding the Suntech defendants, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 121.

122.    The Trina Defendants state that the allegations of Paragraph 122 relate to another defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is required, the Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 122, and thus deny the same.

123.    Denied.

124.    The Trina Defendants state that the Commerce and ITC proceedings cited in Paragraph 124 speak for themselves and deny Plaintiff's characterization of those proceedings.  The Trina Defendants deny all remaining allegations of Paragraph 124.

125.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 125, and thus deny the same.

126.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 126, and thus deny the same.

127.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 127, and thus deny the same.

128.    The Trina Defendants admit the allegations in the first three sentences of Paragraph 128.  The Trina Defendants deny the generalized description in the fourth sentence of Paragraph 128.

129.    The Trina Defendants state that the Commerce and ITC proceedings cited in Paragraph 129 speak for themselves and deny the remaining allegations of Paragraph 129.

130.    The Trina Defendants state that the documents and proceedings cited in Paragraph 130 speak for themselves and deny Plaintiff's characterization of those documents and proceedings. The Trina Defendants deny all remaining allegations of Paragraph 130.

131.    The Trina Defendants state that the document cited in Paragraph 131 speaks for itself

1   and deny Plaintiff's characterization of that document.  The Trina Defendants deny all remaining

2   allegations of Paragraph 131.

3           132.    The Trina Defendants state that the decision cited in Paragraph 132 speaks for itself

4   and deny Plaintiff's characterization of that decision.  The Trina Defendants deny all remaining

5   allegations of Paragraph 132.

6           133.    The Trina Defendants state that the decision cited in Paragraph 133 speaks for itself

7   and deny Plaintiff's characterization of that decision.  The Trina Defendants deny all remaining

8   allegations of Paragraph 133.

9           134.    The Trina Defendants state that the decision cited in Paragraph 134 speaks for itself

10  and deny Plaintiff's characterization of that decision.  The Trina Defendants deny all remaining

11  allegations of Paragraph 134.

12          135.    The Trina Defendants state that the Commerce calculation cited in Paragraph 135

13  speaks for itself and deny Plaintiff's characterization of that calculation.  The Trina Defendants deny

14  all remaining allegations of Paragraph 135.

15          136.    The Trina Defendants state that the Commerce determination cited in Paragraph 136

16  speaks for itself and deny Plaintiff's characterization of that determination.  The Trina Defendants

17  deny all remaining allegations of Paragraph 136.

18          137.    The Trina Defendants state that the Commerce determination cited in Paragraph 137

19  speaks for itself and deny Plaintiff's characterization of that determination.  The Trina Defendants

20  deny all remaining allegations of Paragraph 137.

21          138.    The Trina Defendants lack sufficient knowledge or information to admit or deny the

22  allegations of sentence 2 of Paragraph 138, and thus deny the same.  The Trina Defendants deny all

23  remaining allegations of Paragraph 138.

24          139.    Denied.

25          140.    Denied.

26          141.    The Trina Defendants state that the ITC proceedings cited in Paragraph 141 speak for

27  themselves and deny Plaintiff's characterization of those proceedings.  The Trina Defendants deny

28

all remaining allegations of Paragraph 141.

142.    The Trina Defendants state that the ITC proceedings cited in Paragraph 142 speak for themselves and deny Plaintiff's characterization of those proceedings.  The Trina Defendants deny all remaining allegations of Paragraph 142.

143.    The Trina Defendants state that the ITC proceedings cited in Paragraph 143 speak for themselves and deny Plaintiff's characterization of those proceedings.  The Trina Defendants deny all remaining allegations of Paragraph 143.

144.    The Trina Defendants state that the ITC proceedings cited in Paragraph 144 speak for themselves and deny Plaintiff's characterization of those proceedings.  The Trina Defendants deny all remaining allegations of Paragraph 144.

145.    The Trina Defendants state that the ITC proceedings cited in Paragraph 145 speak for themselves and deny Plaintiff's characterization of those proceedings.  The Trina Defendants further state that any findings by the National Renewable Energy Laboratory and the New York Times as described in footnote 11 speak for themselves and deny Plaintiff's characterization of those findings. The Trina Defendants deny all remaining allegations of Paragraph 145.

146.    The Trina Defendants state that the ITC proceedings cited in Paragraph 146 speak for themselves and deny Plaintiff's characterization of those proceedings.  The Trina Defendants deny all remaining allegations of Paragraph 146.

147.    The Trina Defendants state that the ITC proceedings cited in Paragraph 147 speak for themselves and deny Plaintiff's characterization of those proceedings.  The Trina Defendants deny all remaining allegations of Paragraph 147.

148.    The Trina Defendants state that the ITC proceedings cited in Paragraph 148 speak for themselves and deny Plaintiff's characterization of those proceedings.  The Trina Defendants deny all remaining allegations of Paragraph 148.

149.    The Trina Defendants state that the ITC proceedings cited in Paragraph 149 speak for themselves and deny Plaintiff's characterization of those proceedings.  The Trina Defendants deny all remaining allegations of Paragraph 149.

150.    The Trina Defendants state that the ITC proceedings cited in Paragraph 150 speak for themselves, and deny the allegations of Paragraph 150.

151.    The Trina Defendants state that the ITC proceedings cited in Paragraph 151 speak for themselves and deny Plaintiff's characterization of those proceedings.  The Trina Defendants deny all remaining allegations of Paragraph 151.

152.    Denied.

153.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 153, and thus deny the same.

154.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 154, and thus deny the same.

155.    Denied.

156.    Denied.

157.    The Trina Defendants state that the allegations of Paragraph 157 relate to another defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is required, the Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 157, and thus deny the same.

158.    The Trina Defendants state that the allegations of Paragraph 158 relate to another defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is required, the Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 158, and thus deny the same.

159.    Denied.

160.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 160, and thus deny the same.

161.    The Trina Defendants state that the allegations of Paragraph 161 relate to another defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is required, the Trina Defendants state that the article cited in Paragraph 161 speaks for itself and deny Plaintiff's characterization of that article.

162.    Denied.

163.    The Trina Defendants admit that, in their April 2, 2014 20-F, Trina Solar Limited and its subsidiaries reported a net loss of $37,820,242 for 2011.   The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 163 regarding the Suntech and Yingli defendants, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 163.

164.    Denied.

165.    The Trina Defendants state that the allegations of Paragraph 165 relate to another defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is required, the Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 165, and thus deny the same.

166.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 166 regarding the Yingli and Suntech defendants, and thus deny the same. The Trina Defendants deny all remaining allegations of Paragraph 166.

167.    The Trina Defendants state that the decision cited in Paragraph 167 speaks for itself and deny Plaintiff's characterization of that decision.  The Trina Defendants deny all remaining allegations in Paragraph 167.

168.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 1 of Paragraph 168, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 168.

169.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 1 of Paragraph 169, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 169.

170.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 170, and thus deny the same.

171.    Denied.

172.    The Trina Defendants lack sufficient knowledge or information to admit or deny the

allegations of sentence 1 of Paragraph 172, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 172.

173.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 173 regarding the Suntech defendants, and thus deny the same.  The Trina Defendants deny all remaining allegation of Paragraph 173.

174.    The Trina Defendants state that the article cited in Paragraph 174 speaks for itself and deny Plaintiff's characterization of that article.  The Trina Defendants deny all remaining allegations of Paragraph 174.

175.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 175, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 175.

176.    Denied.

177.    The Trina Defendants admit that installed solar systems compete with traditional forms of energy, such as coal and natural gas.  The Trina Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 177, and thus deny the same.

178.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 178 regarding the nature of Energy Conversion Devices' products, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 178.

179.    Denied.

180.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentences 2 and 3 of Paragraph 180, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 180.

181.    Denied.

182.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 182 regarding the Suntech and Yingli defendants, and thus deny the same.  The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 3 of Paragraph 182, and thus deny the same.  The Trina Defendants deny all remaining

allegations of Paragraph 182.

183.    Denied.

184.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 184, and thus deny the same.

185.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 1 of Paragraph 185, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 185.

186.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 186, and thus deny the same.

187.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 1 of Paragraph 187, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 187.

188.    The Trina Defendants state that the press releases, articles, and filing cited in Paragraph 188 speak for themselves and deny Plaintiff's characterization of the same.  The Trina Defendants deny all remaining allegations of Paragraph 188.

189.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 189, and thus deny the same.  To the extent Paragraph 189 alleges that defendants' conduct was "wrongful," the Trina Defendants deny such allegation.

190.    Denied.

191.    Denied.

192.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 192, and thus deny the same.

193.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 193, and thus deny the same.

194.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 194, including the allegations of footnotes 13 and 14 to Paragraph 194, and thus deny the same.

195.   The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 195, and thus deny the same.

196.   The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 196, and thus deny the same.

197.   The Trina Defendants state that the allegations of Paragraph 197 relate to another defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is required, the Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 197, and thus deny the same.

198.   The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 198, and thus deny the same.  To the extent Paragraph 198 alleges that defendants' conduct constituted "tortious interference," the Trina Defendants deny such allegation.

199.   The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 199, and thus deny the same.

200.   The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 200, and thus deny the same.

201.   The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 1 of Paragraph 201, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 201.

202.   The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 202 regarding GeckoLogic's obligations to Solyndra, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 202.

203.   The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 203 regarding GeckoLogic's purchases from Solyndra, and thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 203.

204.   Denied.

205.   The Trina Defendants state that the allegations of Paragraph 205 relate to another defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is

1   required, the Trina Defendants lack sufficient knowledge or information to admit or deny the

2   allegations of Paragraph 205, and thus deny the same.

3       206.    The Trina Defendants state that the allegations of Paragraph 206 relate to another

4   defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is

5   required, the Trina Defendants lack sufficient knowledge or information to admit or deny the

6   allegations of Paragraph 206, and thus deny the same.

7       207.    The Trina Defendants state that the allegations of Paragraph 207 relate to another

8   defendant, and thus no answer is required from the Trina Defendants.  To the extent an answer is

9   required, the Trina Defendants lack sufficient knowledge or information to admit or deny the

10  allegations of Paragraph 207, and thus deny the same.

11      208.    The Trina Defendants lack sufficient knowledge or information to admit or deny the

12  allegations of Paragraph 208, and thus deny the same.

13      209.    The Trina Defendants lack sufficient knowledge or information to admit or deny the

14  allegations of Paragraph 209, and thus deny the same.

15      210.    The Trina Defendants lack sufficient knowledge or information to admit or deny the

16  allegations of Paragraph 210 regarding the terms of the contract between Solyndra and USE, and

17  thus deny the same.  The Trina Defendants deny all remaining allegations of Paragraph 210.

18      211.    The Trina Defendants state that the allegations of Paragraph 211 relate to other

19  defendants, and thus no answer is required from the Trina Defendants.  To the extent an answer is

20  required, the Trina Defendants lack sufficient knowledge or information to admit or deny the

21  allegations of Paragraph 211, and thus deny the same.

22      212.    The Trina Defendants lack sufficient knowledge or information to admit or deny the

23  allegations of Paragraph 212, and thus deny the same.  To the extent Paragraph 212 alleges that

24  defendants' conduct constituted "interference" and "dumping," the Trina Defendants deny such

25  allegations.

26      213.    Denied.

27      214.    The Trina Defendants lack sufficient knowledge or information to admit or deny the

28

1    allegations of Paragraph 214, and thus deny the same.  To the extent Paragraph 214 alleges that

2    defendants' conduct constituted "interference," the Trina Defendants deny such allegation.

3        215.    Denied.

4        216.    The Trina Defendants lack sufficient knowledge or information to admit or deny the

5    allegations of sentences 1 and 2 of Paragraph 216, and thus deny the same.  The Trina Defendants

6    deny all remaining allegations of Paragraph 216.

7        217.    Denied.

8                                    **COUNT I**

9        218.    The Trina Defendants repeat and re-allege their answers to the allegations of the

10   preceding paragraphs as if fully set forth herein.

11       219.    The allegations of Paragraph 219 purport to state a legal conclusion to which no

12   answer is required.  To the extent an answer is required, the Trina Defendants admit that Section 1 of

13   the Sherman Act states that "[e]very contract, combination in the form of trust or otherwise, or

14   conspiracy, in restraint of trade or commerce . . . is declared to be illegal."

15       220.    Denied.

16       221.    Denied.

17       222.    Denied.

18       223.    Denied.

19       224.    Denied.

20       225.    Denied.

21       226.    Denied.

22       227.    Denied.

23                                   **COUNT II**

24       228.    The Trina Defendants repeat and re-allege their answers to the allegations of the

25   preceding paragraphs as if fully set forth herein.

26       229.    The Trina Defendants admit that Paragraph 229 accurately quotes from California's

27   Cartwright Act.

28

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

**COUNT III**

238.    The Trina Defendants repeat and re-allege their answers to the allegations of the preceding paragraphs as if fully set forth herein.

239.    The Trina Defendants admit that Paragraph 239 accurately quotes from the California Business and Professions Code section 17043.

240.    The Trina Defendants admit that Paragraph 240 accurately quotes from the California Business and Professions Code sections 17044 and 17030.

241.    The allegations of Paragraph 241 purport to state a legal conclusion to which no answer is required.  To the extent an answer is required, the Trina Defendants deny the allegations of Paragraph 241.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

246.    Denied.

**COUNT IV**

247.    The Trina Defendants repeat and re-allege their answers to the allegations of the preceding paragraphs as if fully set forth herein.

248.    The Trina Defendants lack sufficient knowledge or information to admit or deny the

allegations of Paragraph 248 and thus deny the same.  To the extent Paragraph 248 alleges that the Trina Defendants' conduct constituted "wrongful interference," the Trina Defendants deny such allegation.

249.    The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of sentence 2 of Paragraph 249, and thus deny the same.  The Trina Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 249 regarding the Suntech and Yingli defendants, and thus deny the same.  The Trina Defendants deny the allegations of sentence 1 of Paragraph 249 as those allegations relate to the Trina Defendants.

250.    Denied.

251.    Denied.

252.    Denied.

## COUNT V

253.    The Trina Defendants repeat and re-allege their answers to the preceding paragraphs as if fully set forth herein.

254.    The Trina Defendants lack knowledge or information sufficient to form a belief about the allegations of Paragraph 254, and thus deny the same.

255.    Denied.

256.    Denied.

257.    Denied.

258.    Denied.

## SOLYNDRA'S PRAYER FOR RELIEF

The Trina Defendants deny that judgment should be entered on any of Plaintiff's claims in the Complaint.  The Trina Defendants deny that any damages, fees, costs, or interest should be awarded, on any of Plaintiff's claims in the Complaint.  Finally, the Trina Defendants deny that Solyndra is entitled to any other relief on any of Plaintiff's claims in the Complaint.

///

///

## TRINA DEFENDANTS' AFFIRMATIVE DEFENSES

The Trina Defendants set forth below their affirmative defenses. Each defense is asserted as to all claims against the Trina Defendants. By setting forth these affirmative defenses, the Trina Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiff. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiff's allegations.

As separate and distinct affirmative defenses, the Trina Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for relief for antitrust conspiracy because it fails to allege facts supporting a plausible agreement among the defendants to engage in a low-price conspiracy. In addition, Plaintiff's Complaint fails to state a claim upon which relief can be granted, because it does not sufficiently allege below-cost pricing, likelihood of recoupment, or a product or geographic market, that would support a plausible claim to relief for the low-price conspiracy Plaintiff alleges. The Trina Defendants specifically reserve the right to assert and rely upon other arguments that may become available or apparent during discovery in this matter, in support of their defense that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Trina Defendants' alleged conduct, and specifically the prices at which it sold its solar panel products, did not unreasonably restrain trade and were lawful, justified, and pro-competitive, constituted bona fide business practices, and were carried out in furtherance of the Trina Defendants' independent and legitimate business interests.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have standing to bring those claims. In particular, Plaintiff has not suffered antitrust injury. Because the Trina Defendants did not engage in any low-price conspiracy, the injury Plaintiff has suffered does not flow from any anticompetitive conduct of the Trina Defendants, and Plaintiff has therefore not

1   suffered antitrust injury.  In any event, if a conspiracy to lower prices existed (and the Trina

2   Defendants do not concede that it did), such conspiracy would not have caused the Plaintiff an injury

3   of the type the antitrust laws were designed to remedy.  Thus, Plaintiff would not have suffered

4   antitrust injury even if a low-price conspiracy existed.  The Trina Defendants specifically reserve the

5   right to assert and rely upon other arguments that may become available or apparent during

6   discovery in this matter, in support of their defense that Plaintiff has not suffered antitrust injury.

7                                   **FOURTH AFFIRMATIVE DEFENSE**

8           Plaintiff's claims are barred because Plaintiff has sustained no injury in fact or damages

9   caused by any act or omission of the Trina Defendants, specifically the acts alleged in the Complaint

10  of selling solar panel products at low prices.

11                                   **FIFTH AFFIRMATIVE DEFENSE**

12          Plaintiff's claim for damages is barred because its alleged damages, if any, are speculative

13  and uncertain, and because of the impossibility of ascertaining these alleged damages.

14                                   **SIXTH AFFIRMATIVE DEFENSE**

15          Recovery on the Complaint, and each purported cause of action therein, is barred, in whole or

16  in part, by Plaintiff's failure to mitigate its alleged damages, if any.

17                                  **SEVENTH AFFIRMATIVE DEFENSE**

18          Plaintiff's claims are barred, in whole or in part, because the complaint has insufficiently

19  alleged a product and geographic market.  Specifically, Plaintiff's definition of the relevant product

20  market fails to include clearly interchangeable products in the energy market, such as oil, wind, and

21  gas.  In addition, Plaintiff alleges that there is a worldwide market for the relevant energy products

22  but arbitrarily confines its definition of the relevant geographic market to the United States.  The

23  Trina Defendants specifically reserve the right to assert and rely upon other arguments that may

24  become available or apparent during discovery in this matter, in support of their defense that

25  Plaintiff's complaint has insufficiently alleged a product and geographic market.

26                                   **EIGHTH AFFIRMATIVE DEFENSE**

27          Plaintiff's claims are barred, in whole or in part, because none of the Trina Defendants'

28  _____

challenged actions or omissions substantially lessened competition within any properly defined market.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Trina Defendants are not liable for the acts of any other Defendant.  The Trina Defendants have no relationship, legal or otherwise, with any of the other defendants that would permit a finding of liability of one of the other defendants to be imputed additionally to the Trina Defendants.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because injuries alleged by Plaintiff, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom the Trina Defendants were not responsible, through forces in the marketplace over which the Trina Defendants have no control, or through acts or omissions on the part of the Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of claim preclusion and/or issue preclusion.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, from any recovery on the Complaint against the Trina Defendants, because the Trina Defendants' actions were privileged, justified, and/or excused.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.  The Trina Defendants have been prejudiced by Plaintiff's delay in filing suit because relevant documents may

have been lost or destroyed, witnesses may no longer be available, and the memories of witnesses may have faded.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because to the extent that any employee or agent of the Trina Defendants engaged in any unlawful act or omission, any such act or omission would have been committed by individuals acting *ultra vires*. If any such conduct is proven, which the Trina Defendants deny, any participation by an employee of the Trina Defendants in such conduct was not authorized, approved or adopted by the Trina Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks damages that are duplicative of damages sought in other actions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, from recovery of damages to the extent that any restitution or award of damages to Plaintiff would be excessive, punitive, and disproportionate to any alleged injury suffered by Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

The Trina Defendants adopt by reference any defense, not otherwise expressly set forth herein, that is or will be pleaded by any other defendant in this action.

### RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

The Trina Defendants have not knowingly or intentionally waived any applicable defenses, and they reserve the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. The Trina Defendants reserve the right to amend or seek to amend their answer and/or affirmative defenses.

### JURY DEMAND

The Trina Defendants demand a trial by jury of all claims and defenses upon which they are entitled to a jury trial.

///

## TRINA DEFENDANTS' PRAYER FOR RELIEF

The Trina Defendants request that Plaintiff's Amended Complaint be dismissed with prejudice, that the Court find that Plaintiff is not entitled to any judgment or relief, that the Court enter judgment in favor of the Trina Defendants, and that the Court award the Trina Defendants their attorneys' fees, costs, and expenses, pre-judgment interest, and such other and further relief as the Court deems just and proper.

Dated: May 7, 2014

KIRKLAND & ELLIS LLP

*/s/ Daniel E. Laytin, P.C.*

James H. Mutchnik, P.C. (admitted *pro hac vice*)
Daniel E. Laytin, P.C. (admitted *pro hac vice*)
James R.P. Hileman (admitted *pro hac vice*)
300 North LaSalle
Chicago, IL 60657
Tel: (312) 862-2000
Fax: (312) 862-2200

Eliot A. Adelson (SBN: 205284)
555 California Street
San Francisco, CA 64140
Tel: (415) 439-1400
Fax: (415) 439-1500

*Attorneys for Defendants*
*Trina Solar Limited*
*Trina Solar (U.S.), Inc.*