WINSTON & STRAWN LLP
W. Gordon Dobie (admitted *pro hac vice*)
wdobie@winston.com
William C. O'Neil (admitted *pro hac vice*)
woneil@winston.com
Kathryn A. Wendel (admitted *pro hac vice*)
kwendel@winston.com
35 West Wacker Drive
Chicago, IL 60601
Telephone:	312-558-5600
Facsimile:	312-558-5700

WINSTON & STRAWN LLP
Robert B. Pringle (SBN: 51365)
rpringle@winston.com
Eric E. Sagerman (SBN: 155496)
esagerman@winston.com
101 California Street
San Francisco, CA 94111-5802
Telephone:	415-591-1000
Facsimile:	415-591-1400

Attorneys for Plaintiff
THE SOLYNDRA RESIDUAL TRUST,
BY AND THROUGH ITS LIQUIDATING
TRUSTEE, R. TODD NEILSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| THE SOLYNDRA RESIDUAL TRUST, BY AND THROUGH ITS LIQUIDATING TRUSTEE, R. TODD NEILSON,<br><br>Plaintiff,<br><br>vs.<br><br>SUNTECH POWER HOLDINGS CO., LTD. ET AL.,<br><br>Defendants. | **Case No. 12-cv-5272 (SBA) (EDL)**<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** |

## INTRODUCTION

Through its motion to compel, Defendants demand that Solyndra produce every document that Solyndra produced to the House of Representatives (related to its investigation into the Department of Energy's approval of a loan to Solyndra) and to the Department of Justice (related to its investigation into certain representations contained in Solyndra's loan application) (the "Government Investigations") regardless of whether those documents are relevant to this proceeding. The flawed premise underpinning Defendants' motion is that the Government Investigations have something to do with this litigation; indeed, as explained below, they are quite far afield from the claims and defenses at issue here. Of course, Defendants want these documents not for their relevance, but instead because they hope to use them to refract attention from their own conduct by casting the pale of a criminal investigation over Solyndra.

In any event, Defendants' motion should be denied because Solyndra has agreed to produce the relevant documents (as determined by Defendants' own document requests and search terms) from the universe of documents produced in the Government Investigations. The issue presented by this motion is not then whether Defendants are entitled to the relevant documents from the Government Investigations, but instead whether they are entitled to Solyndra's entire productions in the Government Investigations in unvarnished, A-to-Z form. Solyndra respectfully submits they are not for two reasons.

*First,* the Government Investigations are directed at entirely different issues than those present in this case. The focus of those investigations is Solyndra's loan application to the Department of Energy. That loan application has absolutely nothing to do with Defendants' price-fixing conspiracy. Defendants' relevance argument related to these documents centers around a causation defense Defendants hope to assert—namely, Defendants plan to argue that despite their conspiracy and illegal dumping (as already determined by the Department of Commerce and ITC), Solyndra failed for reasons other than their conspiracy. Thus, Defendants argue that the reasons for Solyndra's failure are relevant. There is, however, simply no connection between Solyndra's loan application and Solyndra's failure and Defendants brief fails to articulate any credible theory of relevance between the two. Defendants' relevant argument seems to be that the documents are

relevant merely because Defendants say they are. This is patently insufficient, particularly considering that Solyndra has agreed to produce to Defendants whatever documents are truly relevant from these productions.

*Second*, given the breadth of the documents previously requested from Solyndra in the Government Investigations (entire servers and computers), it was cost prohibitive for Solyndra to review each page for privilege prior to production. As a result, Solyndra entered into a series of Rule 502 orders with the U.S. Attorney's Office and agreed on the establishment of a "taint team" to review Solyndra's productions. Thus, Solyndra's productions are littered with privileged documents, to which Defendants are not entitled. Defendants cannot therefore reproduce these productions en masse as Defendants desire.

For these reasons, Solyndra respectfully requests that the Court deny Defendants' motion to compel.

## BACKGROUND

Solyndra filed this action in October 2012 and alleges, *inter alia*, that Defendants engaged in a predatory price-fixing conspiracy to drive domestic solar panel manufacturers such as Solyndra out of business. (*See* Am. Cmplt., Dkt. 70.) Defendants have responded to Solyndra's price-fixing allegations by arguing that Solyndra went out of business because of an inferior product and mismanagement. (Defendants' Motion to Compel, Dkt. 109 at 2.) In pursuit of this theory, Defendants are seeking discovery about two government investigations, neither of which is directed at the issues present in this case.

Shortly after Solyndra filed for bankruptcy in September 2011, the United States Attorney began an ongoing criminal investigation directed at Solyndra. However, this is not an investigation into the reasons for Solyndra's collapse, as Defendants claim, but into "what Solyndra told federal authorities during the loan application process." (Dan Levine, *Exclusive: Criminal charges against Solyndra founder are unlikely – sources*, REUTERS, July 11, 2013, available at http://www.reuters.com/article/2013/07/11/us-solyndra-probe-charges-idUSBRE96A12H20130711.) In other words, the criminal investigation is about an allegedly fraudulent loan application, not whether "Solyndra caused its own failure." (Defendants' Motion to Compel, Dkt. 109 at 6.)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

The House of Representatives Committee on Energy and Commerce also launched an investigation following Solyndra's collapse. But, contrary to what Defendants say in their motion to compel, this investigation was focused on the Department of Energy and other government agencies, not Solyndra:

> Throughout this investigation, the Committee has been guided by a simple purpose: to determine whether the DOE, and the other Executive Branch agencies who reviewed the Solyndra guarantee, conducted proper and adequate analyses prior to its approval and subsequent restructuring and took all steps necessary to protect the taxpayers' investment in this company.

(*The Solyndra Failure*, Majority Staff Report, committee on Energy and Commerce, H.R. 112th Congress, August 2, 2012 at 1, Excerpt at Ex. 1.) Moreover, the House investigation was largely influenced by political concerns, as Congressional Republicans sought to use Solyndra's failure against President Obama. (*See, e.g.*, Matthew Mosk and Mark Schone, *Democrats, Republicans Release Dueling Solyndra Emails*, ABC NEWS, November 9, 2011, available at http://abcnews.go.com/Blotter/emails-obama-donor-weighed-white-house-save-solyndra/story?id=14915787 (describing "an escalating battle between Republicans and Democrats over the direction of a Congressional investigation into a $535 million government loan to Solyndra.").) Thus, far from being "at the fore of" these investigations, Solyndra's financial state and the reasons for its collapse are only tangentially related to the Government Investigations.

Nevertheless, Solyndra has not refused to produce specific documents that were produced to the government during the course of these investigations. Indeed, in an attempt to resolve this dispute, Solyndra agreed to produce any relevant, non-privileged documents produced to the government that are captured by the search terms agreed to by the parties. (10/2/14 O'Neil email, Ex. 2.) Additionally, Solyndra has agreed to produce documents responsive to all of Defendants' other requests for production, many of which overlap with the government productions Defendants are seeking. (10/1/14 Lerner email, Ex. 3.) Solyndra has simply refused to produce the government investigation documents in the precise order that they were produced to the Department of Justice and the House of Representatives. To be clear, Solyndra is producing documents to Defendants that

it also produced to the Department of Justice and the House of Representatives—rather than giving Defendants each and every one of these documents (including privileged documents), however, in this action, Solyndra is producing only the relevant documents from these productions as determined by Defendants' document requests and agreed-upon search terms.

## ARGUMENT

### A. Defendants' Document Request Is Not Reasonably Calculated To Lead To The Discovery Of Admissible Evidence

Because neither government investigation is focused on the issues Defendants claim to be so important to this case—the reasons why Solyndra went out of business or any alleged mismanagement of Solyndra—a document request seeking productions made in the course of these investigations is not reasonably calculated to lead to discoverable evidence related to the issues in this case. *See Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) ("[T]he right of a party to obtain discovery is not unlimited. A discovery request must be 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to the discovery of admissible evidence.'") Defendants have argued that they need the productions to the government because "numerical documents containing financial information often do not contain search terms that would identify the document as responsive." (Defendants' Motion to Compel, Dkt. 109 at 7.) But Solyndra is not relying solely on search terms to identify documents for production in response to Defendants' other requests and Defendants have shown that they are perfectly capable of issuing specifically targeted document requests to obtain this sort of information.

For example, Defendants' Request for Production No. 10 seeks all of Solyndra's financial statements and financial projections from 2008 through 2013. (Defendants' First Set of Requests For Production at 7, Ex. 4.) Solyndra has agreed to produce all "annual financial statements and operative financial projections" that it can locate and is not just relying on search terms to identify documents responsive to this request,. (Solyndra's Objections And Responses To Defendants' First Set Of Requests For Production at 8-9, Ex. 5; *see also* 10/1/14 Lerner email, Ex. 3 (noting that Solyndra has agreed to produce responsive documents to Request for Production Nos. 1, 2, 3, 6, 17, 18, 19, and 23 without using search terms and that Solyndra has also identified specific documents to

produce in response to Request for Production Nos. 7, 8, 9, 10, 11, 12, 13, 14, and 15.)

Undoubtedly, some documents produced to the government by Solyndra are relevant to this litigation. But a blanket request for ***all*** of the documents, as produced to the government, is just a fishing expedition, not a reasonably calculated request targeting specific discoverable information. Defendants are required to craft document requests directed to obtain relevant documents. FED. R. CIV. P. 26(b)(1). But rather than tailor their document request to their discovery needs, the nature of Defendants' request for the government investigation productions ***guarantees*** that it will return irrelevant documents. Defendants have a burden to specify with precision what kind of documents they believe to be relevant. *See Philadelphia Indem. Ins. Co. v. Westchester Surplus Lines Ins. Co.*, No. 4:08-CV-0586-SBA, 2010 WL 1032586, at *1 (N.D. Cal. Mar. 19, 2010) (granting motion for protective order where discovery request was not tailored to relevant issue); *U.S. v. Baisden*, 881 F. Supp. 2d 1203, 1206 (E.D. Cal. 2012) (denying motion to compel where requests were not reasonably calculated to lead to the discovery of admissible evidence).

Here, Defendants have made specific requests for documents they actually believe to be discoverable; for its part, Solyndra has uniformly agreed to produce documents responsive to these requests. Indeed, apart from the narrow, but significant issue presented in this motion, Solyndra has agreed to produce all other documents that Defendants have requested (totaling in excess of 280,000 pages). Unsatisfied, Defendants have also made the sweeping request at issue for all criminal investigatory documents. Defendants undoubtedly seek these documents not for what they say (since Solyndra has already agreed to produce the relevant documents from within this universe), but instead in hopes that they can distract the Court and ultimately the jury from their massive price fixing conspiracy by painting Solyndra with the patina of having endured a criminal investigation. Solyndra respectfully submits that the Court should decline to entertain Defendants' carefully crafted sideshow on this issue.

**B.**     **Solyndra's Productions To The U.S. Attorney's Office Did Not Waive Its Privilege**

Defendants claim that by producing documents to the government, Solyndra waived any privilege they might have held. (Defendants' Motion to Compel, Dkt. 109 at 7.) However, Solyndra

5

made document productions to the U.S. Attorney's Office pursuant to Federal Rule of Evidence 502(d), which provides that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding." (*See* June 6, 2013 Stipulation and Order, *In re Grand Jury Subpoena, Solyndra, Inc.*, USAO No. 2011R01816, GJ12-1 (N.D. Cal.), Ex. 6; June 5, 2014 Stipulation and June 6, 2014 Order, *In re Grand Jury Subpoenas Solyndra Residual Trust*, USAO Ref. No. 2014R00218 (S.D.N.Y.), Ex. 7 (providing that Solyndra's document productions are made pursuant to Federal Rule of evidence 502(d) and do not constitute a waiver of any privilege or protection attached to those documents).) Thus, Solyndra has not waived any privilege with respect to the documents it has produced to the U.S. Attorney's Office pursuant to Rule 502(d).

### C. Production Of The U.S. Attorney Investigation Documents Would Be Unduly Burdensome

As discussed above, Solyndra has made multiple productions to the U.S. Attorney's Office that were subject to FRE 502(d) orders. The court issued these orders so that Solyndra could comply with the broad grand jury subpoenas issued by the U.S. Attorney's Office without incurring a costly and time-consuming privilege review. (*See* June 6, 2013 Stipulation and Order, *In re Grand Jury Subpoena, Solyndra, Inc.*, USAO No. 2011R01816, GJ12-1 (N.D. Cal.), Ex. 6; June 5, 2014 Stipulation and June 6, 2014 Order, *In re Grand Jury Subpoenas Solyndra Residual Trust*, USAO Ref. No. 2014R00218 (S.D.N.Y.), Ex. 7.) Solyndra's criminal counsel produced these documents without conducting a full review for privilege based upon a specific agreement with the U.S. Attorney's Office regarding FRE 502. For its part, the U.S. Attorney's Office of the Northern District of California established a "taint team" to review these documents before they reached the hands of the prosecutors tasked with working the matter. (*Id.*) Thus, by their request, Defendants seek a broader universe of documents than made their way to even the prosecutorial team working on the Solyndra matter.

If the Court required Solyndra to turn over these productions to Defendants, Solyndra could not do so without undertaking a substantial privilege review. Reviewing these documents would be

6
PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL – CASE NO. 12-cv-5272 (SBA) (EDL)

unduly burdensome for several reasons. *First*, the grand jury subpoenas were extremely broad and called for massive productions—indeed, unvarnished copies of entire servers of electronic information, resulting in the production of over 1.5 million documents. Reviewing those productions would require a significant time commitment from Solyndra's antitrust counsel. *Second*, because major differences exist between the U.S. Attorney investigations and this case, Solyndra's productions contain many documents that are irrelevant to this case. For example, documents related to the question of whether Solyndra was truthful on its loan application to the DOE are not relevant in this case, and Solyndra should not be forced to review them. *Third*, other documents that are part of these productions will have likely been produced in response to Defendants' other requests for production, and production of those documents would be duplicative.

Courts will deny discovery requests where the burden of discovery outweighs its potential benefits. *See In re Cathode Ray Tube (CRT) Antitrust Litigation*, --- F.R.D. ---, 2014 WL 3728563, at *5 (N.D. Cal. July 28, 2014). In *Cathode Ray Tube*, the court affirmed an order from the Special Master concluding that the burdens of responding to defendants' interrogatories outweighed the benefits. *Id.* The Special Master ruled that Best Buy did not have to respond to interrogatories where the responses would "entail a significant amount of attorney time" and defendants would be able to obtain the information sought by the interrogatories through other means. (Order Re Best Buy's Motion For Protective Order, *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-cv-5944-SC, at 3-4, (N.D. Cal. June 23, 2014), Ex. 8.) The situation is the same here – production of the productions to the U.S. Attorney's Office would be an expensive and time-consuming affair for Solyndra, and Defendants can still obtain (and in fact will obtain) the discovery they are seeking through their other document requests that are targeted at specific information.[1]

---

[1] Defendants compare their request for the government productions to Solyndra's request for the documents that Defendants had produced in the course of investigations by the International Trade Commission and the Department of Commerce, but these requests are not equivalent. The ITC and DOC investigations were much more closely aligned with the issues in this case than the government investigations that Defendants are looking to exploit. (*See* Plaintiff's Motion for Leave from Rule 26(f) to Serve a Single Document Request, Dkt. 25.) Also, because documents produced by Solyndra to the U.S. Attorney's Office were not reviewed for privilege prior to production, Solyndra cannot simply reproduce them as Defendants were able to do with the documents produced to the ITC and DOC.

## **CONCLUSION**

For the foregoing reasons, Solyndra respectfully requests that the Court deny Defendants' motion to compel.

Dated: November 3, 2014           WINSTON & STRAWN LLP

By:    */s/ William C. O'Neil*
       William C. O'Neil
       Attorneys for Plaintiff
       THE SOLYNDRA RESIDUAL TRUST,
       BY AND THROUGH ITS LIQUIDATING
       TRUSTEE, R. TODD NEILSON

# CERTIFICATE OF SERVICE

**Case No. 12-cv-5272 (SBA) (EDL)**

I am a resident of the State of Illinois, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 35 West Wacker Drive, Chicago, Illinois. On November 3, 2014, I served the following document:

1. **Plaintiff's Response In Opposition To Defendants' Motion To Compel**



by electronically transmitting copy(ies) of the document(s) listed above via email to the address(es) as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.260(a) or court order. No error messages were received after said transmission.

| | |
|---|---|
| Daniel Laytin<br>Kirkland & Ellis LLP<br>300 N. LaSalle<br>Chicago, IL 60654<br>(312) 862-2198<br>daniel.laytin@kirkland.com<br><br>Matthew J. Reilly<br>Simpson Thacher & Bartlett LLP<br>1155 F. Street NW<br>Washington DC 20004<br>(202) 636-5566<br>matt.reilly@stblaw.com<br>jsanders@stblaw.com<br>karen.gift@stblaw.com<br>twong@stblaw.com | Mikael Abye<br>Sherman & Sterling LLP<br>Four Embarcadero Center<br>San Francisco, CA 94111<br>(415) 616-1143<br>mabye@shearman.com<br>wendy.asbel@shearman.com<br>ron.cheatham@shearman.com |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Signed: _____
        William C. O'Neil

Dated: November 3, 2014