UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLYNDRA, LLC,<br>        Plaintiff,<br><br>    v.<br><br>SUNTECH POWER HOLDINGS CO., LTD., et al.,<br>        Defendants. | Case No. 12-cv-05272-SBA   (EDL)<br><br>**ORDER ON MOTION TO COMPEL**<br>Re: Dkt. Nos. 109, 124 |

Before the Court is Defendants' motion to compel production of *all* documents Plaintiff produced pursuant to a series of government investigations, including investigations by the Department of Justice and the House of Representatives. As stated at a hearing on November 25, 2014, Defendants' request is overbroad as the focus of the investigations was possible inadequate government due diligence in lending public funds to Plaintiff, whereas Defendants seek this discovery to support their defense that Plaintiff failed because of its own financial mismanagement, rather than Defendants' alleged anticompetitive pricing of their solar panels. While there is some overlap, perhaps considerable overlap, between the two subjects, Defendants' request for *all* documents provided to the government plainly encompasses some irrelevant documents, such as those focusing solely on government conduct, rather than Plaintiff's finances.

At the same time, Plaintiff's initial refusal to provide *any* documents in response to this request, without offering any suitable alternative, was also unreasonable.[1] Plaintiff had already done the work of collecting these documents in the first place and provided them to the government, presumably with considerable knowledge of what they contained. Further, although

---

[1] Plaintiff's subsequent proposal, to provide all documents produced to the government that are responsive to the Parties' agreed-upon search terms, is addressed below.

1  Plaintiff argued that it would have to conduct burdensome privilege reviews as its production in
2  the criminal investigation was subject to a Federal Rule of Evidence 502(d) order, which this
3  Court agrees would protect it from waiver in this matter, that order did not extend to the
4  documents produced to Congress.  Yet, instead of agreeing to appropriate searches or the
5  provision of indexes or the like, Plaintiff essentially took the position that it was up to Defendants
6  to guess how to narrow their requests, all too reminiscent of the attitude "that's for me to know
7  and for you to find out."

8  The Parties failed to conduct discovery in a cooperative and transparent manner consistent
9  with the local guidelines and the Sedona Conference principles.  See The Sedona Conference, The
10 Sedona Conference Cooperation Proclamation (2008) (available at http://www.thesedona
11 conference.org/content/tsc_cooperation_proclamation) (promoting "open and forthright
12 information sharing . . . to facilitate cooperative, collaborative, transparent discovery."); U.S.
13 District Court for the N.D. Cal., Guidelines for the Discovery of Electronically Stored Information
14 1.02 (noting that "an attorney's zealous representation of a client is not compromised by
15 conducting discovery in a cooperative manner" and encouraging "cooperation on issues relating to
16 . . . preservation, collection, search, review, and production");  Oracle USA, Inc. v. SAP AG, 264
17 F.R.D. 541, 543-44 (N.D. Cal. 2009) (Laporte, J.) ("'It cannot seriously be disputed that
18 compliance with the "spirit and purposes" of [Rules 26 through 37 of the Federal Rules of Civil
19 Procedure] requires cooperation by counsel to identify and fulfill legitimate discovery needs, yet
20 avoid seeking discovery the cost and burden of which is disproportionally large to what is at stake
21 in the litigation.  Counsel cannot "behave responsively" during discovery unless they do both,
22 which requires cooperation rather than contrariety, communication rather than confrontation.'"
23 (quoting Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 357-58 (D. Md. 2008))).

24 The Court therefore ordered the Parties to meet and confer on Defendants' motion.  The
25 Parties subsequently agreed that Plaintiff would produce "ten subsets of documents produced to
26 the government totaling over 72,000 pages." (Supp. Letter at 1.)[2]  The Court so ORDERS this

---

[2] In connection with the Parties' joint letter, Defendants filed an unopposed motion to file portions of the letter and attached exhibits under seal.  Good cause appearing, Defendants' administrative

production.  It is unfortunate that the parties did not adopt this procedure before filing this motion.

Only two more limited disputes remain.  First, Defendants argue that Plaintiff should be compelled to produce emails responsive to the Parties' agreed-upon search terms from five productions made pursuant to two separate government investigations.  Second, Defendants argue that Plaintiff should be compelled to produce all other documents produced pursuant to the government investigations that are responsive to the Parties' agreed-upon search terms.  Citing an agreement between the Parties to mutually limit the number of responsive custodians, Plaintiff contends that it should not be required to produce e-mails from other custodians.  Instead, Plaintiff argues that it should only be required to produce non-email documents from the remaining government investigation documents.

Plaintiff's position is inconsistent with its prior representation that it had agreed to provide all documents produced pursuant to the government investigations that are responsive to the Parties' agreed-upon search terms.  (See Opp. at 1 ("Plaintiff has agreed to produce the relevant documents (as determined by Defendants' own request and search terms) from the universe of documents produced in the Government Investigations."); Dkt. 123 (Transcript of 11/25/14 Oral Argument) at 15:8-18.)  While discovery agreements between the Parties to limit the number of custodians are generally commendable and normally should not be exceeded absent mutual agreement, this is not a typical situation.  Instead, here Plaintiff has already produced numerous non-privileged documents to government investigators that apparently contain relevant documents that are readily identifiable with the Parties' agreed-upon search terms.  Defendants have also identified five productions made to government investigators which were already compiled using those terms.  Thus, producing these documents does not require searching additional custodians per se; rather, it simply requires a search of previously assembled sets of documents that happen to contain e-mails from additional individuals.  Plaintiffs have made no showing that such a production would be irrelevant or disproportionate.  To the contrary, Plaintiffs previously represented that they would produce these exact documents.

---

motion to file under seal is GRANTED.

3

In addition to the ten subsets of documents identified in the Parties' joint letter, Plaintiffs are hereby ORDERED to produce all non-privileged documents from the universe of documents produced pursuant to the government investigations that are responsive to the Parties' agreed-upon search terms.  Production of these documents shall be completed by January 30, 2015.

**IT IS SO ORDERED**.

Dated: December 30, 2014

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge